*In re* JAMES PATRICK, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* JAMES PATRICK, Respondent-Appellant.)

First District (1st Division)    No. 79-248

Opinion filed October 6, 1980.—Supplemental opinion filed on denial of rehearing November 17, 1980.

Alan D. Goldberg, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Richard F. Burke, and Jeffrey R. Zehe, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

A petition for adjudication of wardship was filed on April 25, 1978, alleging that the defendant, James Patrick, was a delinquent minor, having committed the offenses of rape, battery, and aggravated assault on March 31, 1978. After a hearing, defendant was adjudged guilty of the charges of rape and aggravated assault and placed on probation for three years.

The issues presented for review are: (1) whether the respondent was proved guilty beyond a reasonable doubt; and (2) whether the respondent was denied a fair hearing by the improper admission of detailed hearsay accounts of the offense.

It appeared that one Joseph Young, a co-defendant, was charged by information with the same offense of rape and burglary, involving the same victim, at the same time and place as the defendant herein, and upon a finding of guilty on the rape count, was sentenced to 10 years in the Illinois Department of Corrections.

■■■ On appeal in cause No. 79-1772, the co-defendant, Joseph Young, raised similar issues by contending that: (1) the trial court erred in allowing a corroborating witness to repeat the details of the alleged rape as told to her by complainant shortly after the incident; (2) the trial court erred in allowing a second corroborating witness to give testimony in which he stated not only the fact that a complaint was made, but also the names of the perpetrators of the alleged rape as told to him by complainant two hours after the incident; and (3) the defendant was not proved guilty beyond a reasonable doubt.

This court today affirms the conviction of the co-defendant, Joseph Young, and said opinion set forths the facts surrounding the same charges involving the same evidence in both cases, and the disposition of this appeal is governed by the opinion in the *Young* appeal. A detailed discussion of the virtually identical factual and defense positions of the two accuseds will not be repeated here. We adopt the reasoning of this court in the *Young* opinion, we reach the same conclusion, and we affirm the judgment of the trial court in the instant appeal.

It is to be noted that these two matters were never consolidated on appeal. This court was never informed of the existence of the two related appeals by respective counsel or the office of the State's Attorney of Cook

County. The *Young* appeal, No. 79-1772, was presented by the office of the Public Defender of Cook County and the instant appeal, No. 79-248, was presented by the office of the State Appellate Defender.

It is also to be noted that pursuant to the new Supreme Court Rules (Ill. Rev. Stat. 1979, ch. 110A, par. 606), the filing of respective docketing statements may serve in the future to eliminate or reduce the occasions for separate appeals of related matters as indicated herein.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.


SUPPLEMENTAL OPINION UPON DENIAL OF REHEARING

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Defendant's petition for rehearing maintains that this court erred by failing to discuss the facts or issues in greater detail. After setting forth the issues in the *Young* case, the opinion issued the same day as the instant case, and setting forth the issues in the present case, this court stated that similar issues were raised in the two cases and affirmed the conviction and stated that "this appeal is governed by the opinion in the *Young* appeal. We adopt the reasoning of this court in the *Young* opinion and we reach the same conclusion."

The petition for rehearing has charged that "the court has ruled in appellant's case on the basis of a record which appellant never even saw." Appellant's contention is not supported by the opinion in either case and this court never stated that any other record, or facts, were considered, except the record and the facts in the instant case. The reasoning in the opinion in the *Young* case was adopted, but not the record, or the facts of that case as established before a jury.

At the adjudicatory hearing held on May 23, 1978, the same complainant testified to substantially the same facts as set forth in *Young*, despite minor discrepancies, charging rape by Young and this defendant. Ms. Evans and Mr. Wayle (Wiley in the *Young* opinion) were permitted to repeat the details of the story of the rape as told to them by the complaining witness. This court did not consider it necessary in the opinion to repeat the testimony of the same witnesses testifying as to the same occurrence at the same place and time. The phrase "same evidence as appears" in said opinion refers to the facts and testimony as appear from the *Young* opinion and not that the same identical evidence was presented before the two separate tribunals.

The alleged discrepancies are not unusual in two different trials and go only to the weight to be given the testimony by the trier of fact. The minor variations do not compel us to find that the evidence was so unsatisfactory as to raise a reasonable doubt of defendant's guilt. See *People v. Berland* (1978), 74 Ill. 2d 286, 307, 385 N.E.2d 649; *People v. Bell* (1972), 53 Ill. 2d 122, 290 N.E.2d 214.

The defendant denied the charge of rape and called as an alibi witness Ms. Birdia Dancy. The court rejected this defense and found the testimony of the complainant clear and convincing to support the charge of rape, and we find no reason to aside the findings of the trial court in this regard despite the denial by the defendant.

The opinion in this case was concluded from the record in this case and not from the record in the *Young* case as defendant assumes.

For the foregoing reasons, the petition for rehearing is denied. We therefore adhere to our original decision, as modified, and affirm the judgment of the circuit court.

Judgment affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.